J-S12030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH ALEXANDER | : | |
| | : | |
| Appellant | : | No. 1954 EDA 2021 |

Appeal from the PCRA Order Entered September 7, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0702301-2002

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.: **FILED MAY 19, 2022**

Keith Alexander appeals from the September 7, 2021 order dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA"). We affirm.

Due to the nature of our holding in this case, we will review the factual history of this case only briefly, as follows:

> Appellant was arrested and . . . charged in connection with the 2002 non-fatal shooting of Maurice Stuart in Philadelphia. On April 1, 2005, following a jury trial presided over by the [trial court], Appellant was convicted of attempted murder, aggravated assault, conspiracy, and violations of the Uniform Firearms Act. On May 20, 2005, the trial court sentenced Appellant to an aggregate term of twenty-six and one-half to fifty-six years of incarceration.

***Commonwealth v. Alexander***, 224 A.3d 366 (Pa.Super. 2019) (unpublished memorandum at 1) ("***Alexander V***") (affirming dismissal of Appellant's fourth PCRA petition). On direct appeal, this Court affirmed Appellant's judgment of sentence and the Supreme Court of Pennsylvania denied his application for

allowance of appeal on October 24, 2007. Appellant did not seek a writ of *certiorari* in the United States Supreme Court. From 2008 through 2020, Appellant filed a succession of four unsuccessful PCRA petitions.[1]

While Appellant's petition for allowance of appeal in our Supreme Court was pending in ***Alexander V*** but prior to it being denied, he filed a fifth, *pro se* PCRA petition. The PCRA court took no action in response to this submission, ostensibly recognizing that no subsequent PCRA petition could be filed while a prior PCRA petition remained under active appellate review. ***See Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of

_____

[1] For the sake of legal posterity and in anticipation of future filings from Appellant, we note the chronology of these proceedings in this footnote. ***See Commonwealth v. Alexander***, 928 A.2d 1117 (Pa.Super. 2007) (non-precedential decision) (direct appeal) ("***Alexander I***"), *allowance of appeal denied*, 934 A.2d 1275 (Pa. 2007). ***Commonwealth v. Alexander***, 990 A.2d 34 (Pa.Super. 2009) (non-precedential decision) (first PCRA) ("***Alexander II***"), *allowance of appeal denied*, 4 A.3d 1050 (Pa. 2010); ***Commonwealth v. Alexander***, 116 A.3d 688 (Pa.Super. 2014) (non-precedential decision) (second PCRA) ("***Alexander III***"), *allowance of appeal denied*, 114 A.3d 415 (Pa. 2015); ***Commonwealth v. Alexander***, 175 A.3d 411 (Pa.Super. 2017) (non-precedential decision) (third PCRA) ("***Alexander IV***"), *allowance of appeal denied*, 176 A.3d 849 (Pa. 2017); ***Commonwealth v. Alexander***, 224 A.3d 366 (Pa.Super. 2019) (unpublished memorandum) (fourth PCRA) ("***Alexander V***"), *allowance of appeal denied*, 224 A.3d 366 (Pa. 2019), *certiorari denied*, 140 S.Ct. 2780 (2020).

the time for seeking such review."), *abrogated in part on separate grounds*, ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020).

On February 11, 2021, Appellant re-filed this latest PCRA petition as an attachment to a motion seeking a response from the PCRA court. ***See*** Motion for Honorable [sic] to Respond, 2/11/21, at Exhibit 1 ("PCRA Petition"). By this point, Appellant's petitions for allowance of appeal in both the United States and Pennsylvania Supreme Courts had been denied in ***Alexander V***.

In this filing, Appellant asserted claims that: (1) his trial counsel was ineffective; and (2) that the prosecutor assigned to Appellant's case committed fraud. ***See*** PCRA Petition at 1-15. Although not cited in the petition, Appellant's arguments on this second point implicated ***Brady v. Maryland***, 373 U.S. 83 (1963) and allegations that the Commonwealth withheld impeachment and/or exculpatory evidence. With respect to ineffectiveness, Appellant asserted "[t]here is no sign that [trial counsel] tried to defend his client or clear him of the charges," citing a number of examples from the proceedings. PCRA Petition at 6-8. As to fraud, Appellant claimed the Commonwealth obtained his conviction "by using uncorrected testimony that the prosecutor [knew] to be false[.]"[2] ***Id***. at 5.

---

[2] We also note that Appellant's first trial ended in a mistrial due to a lack of unanimity amongst the jurors before he was convicted in a second proceeding. Many of Appellant's allegations of attorney error and prosecutorial fraud appeared to relate to events that took place during his first trial. ***See*** Appellant's brief at 9 ("The issues of the first trial were not remedied by the
*(Footnote Continued Next Page)*

- 3 -

Treating Appellant's motion seeking a response as a newly filed PCRA petition, the PCRA court filed notice of its intent to dismiss it without a hearing pursuant to Pa.R.Crim.P. 907. Specifically, the PCRA court concluded the petition was untimely. *See* Order, 6/21/21, at 1 ("As you failed to plead and prove one of the exceptions to the PCRA's time-bar, this Court is without jurisdiction to consider the merits of your claims or offer any form of relief.").

Appellant did not respond to the Rule 907 notice and the PCRA court dismissed his petition. *See* Order, 9/7/21, at 1. Thereafter, Appellant filed a timely notice of appeal to this Court. The PCRA court did not direct Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b) and he did not file one. In a brief opinion, the trial court set forth its justification for dismissing the petition, *i.e.*, untimeliness. *See* Opinion, 9/16/21, at 1-2. Appellant presents a single issue for our consideration, which he has chosen to phrase as follows: "Whether the PCRA court acknowledged the **Brady** violation in the first trial[?]" Appellant's brief at 7.

Our standard of review in this context is "limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Whitehawk**, 146 A.3d 266, 269 (Pa.Super. 2016) (cleaned up). However, "[b]efore addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to

---

prosecution in the second trial."); **see also** PCRA Petition at 4-8. Appellant also referenced evidence admitted at his second trial, but not his first. **Id**.

- 4 -

entertain the underlying PCRA petition." ***Id***. Specifically, the timeliness limitations pursuant to the PCRA are jurisdictional, mandatory, and "a court has no authority to extend filing periods except as statute permits." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super. 2011).

Instantly, timeliness under the PCRA is governed by 42 Pa.C.S. § 9545(b), which provides in pertinent part as follows:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(1)-(3). Accordingly, "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Jackson*, *supra* at 519 (citation and quotation marks omitted).

For the purposes of § 9545(b)(3), direct review of Appellant's judgment of sentence concluded when the Supreme Court of Pennsylvania denied his petition for allowance of appeal on October 24, 2007. Appellant did not seek a writ of *certiorari* in the United States Supreme Court and his time in which to do so expired on January 22, 2008. *See* U.S. Sup. Ct. Rule 13(1) (providing that a petitioner has ninety days after "entry of judgment" to file "[a] petition for a writ of *certiorari* seeking review of a judgment of a lower state court"). Thus, Appellant had until January 22, 2009 to file a timely PCRA petition. The instant PCRA petition was filed on February 11, 2021. Accordingly, it is facially untimely by more than twelve years.

In his instant petition, Appellant has pleaded the applicability of two timeliness exceptions, namely that: (1) the alleged interference by unidentified government officials; and (2) the facts upon which the claims are predicated were unknown to Appellant and could not have been ascertained by the exercise of due diligence. *See* PCRA Petition at 3; 42 Pa.C.S. § 9545(b)(1)(i)-(ii). We will address each section *seriatim*. From the outset of our analysis, we emphasize that the PCRA requires that any petition

- 6 -

invoking one of these timeliness exceptions must be filed within one year of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2). Both the governmental interference and newly discovered facts timeliness exceptions must comply with § 9545(b)(2). **See Commonwealth v. Natividad**, 200 A.3d 11, 28 (Pa. 2019).

We discern that Appellant's allegations as to governmental interference are predicated upon his **Brady** claims. However, these specific claims have already been addressed in an earlier memorandum of this Court:

> Appellant attempts to invoke the "governmental interference" exception to the statutory time-bar per Section 9545(b)(1)(i), claiming the prosecution withheld exculpatory evidence from Appellant at his second trial in violation of **Brady**. Specifically, Appellant avers the prosecution withheld a police officer memorandum, investigative report, and two eyewitness statements, one of which exonerates Appellant. The record belies Appellant's contentions. Appellant's trial counsel received the evidence at issue prior to Appellant's second trial, specifically referenced the "withheld" evidence at trial, and discussed the eyewitness statement at length.

**Commonwealth v. Alexander**, 175 A.3d 411 (Pa.Super. 2017) (non-precedential decision at 2) (cleaned up) ("**Alexander IV**"). In light of this memorandum published approximately five years ago, Appellant has failed to comply with the requirements of § 9545(b)(2). Specifically, the discussion in **Alexander IV** evinces that Appellant has been fully aware of these alleged **Brady** violations for the better part of a decade. Thus, Appellant's allegations of governmental interference could have been (and, in fact, were) raised at an earlier date. Accordingly, § 9545(b)(1)(i) does not apply.

Turning to Appellant's allegations of newly discovered facts pursuant to § 9545(b)(1)(ii), he relies upon trial counsel's purported ineffectiveness on this point. However, the ineffectiveness complained of by Appellant would have been immediately evident during Appellant's first and second trials. In pertinent part, Appellant has offered no discussion of why he has waited over a decade to raise this claim. *See* 42 Pa.C.S. § 9545(b)(2). Furthermore, Appellant has not offered any argument concerning due diligence in his filings. *See Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa.Super. 2019) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence."). Accordingly, Appellant is not entitled to the benefit of § 9545(b)(1)(ii).

Based upon the foregoing, we conclude that the PCRA court's dismissal is supported by the record and free of legal error. Appellant's fifth PCRA petition is patently untimely and not entitled to any exception.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 5/19/2022

- 8 -